**LeClairRyan**
*A Professional Corporation*
One Riverfront Plaza
1037 Raymond Boulevard, 16th Floor
Newark, New Jersey 07102
(973) 491-3600
Attorneys for Plaintiff, Days Inns Worldwide, Inc.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAYS INNS WORLDWIDE, INC., a Delaware Corporation, | Civil Action No. 15-cv-5522(SDW)(SCM) |
| Plaintiff, | Honorable Steven C. Mannion, U.S.M.J. |
| v. | **JOINT DISCOVERY PLAN** |
| JAY NIDHI, LLC, a Georgia Limited Liability Company; and MEENA PATEL, an individual, | Initial Scheduling Conference: November 24, 2015 at 10:00 a.m. |
| Defendants. | |

1. Set forth a factual description of the case. Include the causes of action and affirmative defenses asserted.

    On or about March 5, 2012, DIW entered into a franchise agreement (the "Franchise Agreement") with Jay Nidhi, LLC ("Jay Nidhi") for the operation of a 68-room Days Inn® guest lodging facility located at 907 North Peterson Avenue, Douglas, Georgia, 31533, designated as Site No. 06669-01720-05 (the "Facility") for a fifteen-year term.

    Plaintiff alleges that pursuant to section 7, section 18.4, and Schedule C of the Franchise Agreement, Jay Nidhi was required to make certain periodic payments to DIW for royalties, system assessments, taxes, interest, reservation system user fees, and other fees (collectively, "Recurring Fees"). Plaintiff alleges that pursuant to section 7.3 of the Franchise Agreement, Jay Nidhi agreed that interest is payable "on any past due amount payable to [DIW] under this [Franchise] Agreement at the rate of 1.5% per month or the maximum rate permitted by applicable law, whichever is less, accruing from the due date until the amount is paid."

    Plaintiff alleges that pursuant to section 11.2 of the Franchise Agreement, DIW could terminate the Franchise Agreement, with notice to Jay Nidhi, for various

reasons, including Jay Nidhi's (a) failure to pay any amount due DIW under the Franchise Agreement, (b) failure to remedy any other default of its obligations or warranties under the Franchise Agreement within 30 days after receipt of written notice from DIW specifying one or more defaults under the Franchise Agreement, and/or (c) receipt of two or more notices of default under the Franchise Agreement in any one year period, whether or not the defaults were cured. Plaintiff alleges that pursuant to section 12.1 of the Franchise Agreement, Jay Nidhi agreed that, in the event of a termination of the Franchise Agreement pursuant to section 11.2, it would pay liquidated damages to DIW in accordance with a formula specified in the Franchise Agreement. Plaintiff alleges that section 18.1 specifically set liquidated damages for the Facility at $1,000.00 for each guest room of the Facility Jay Nidhi was authorized to operate at the time of termination. Plaintiff further alleges that, pursuant to section 17.4 of the Franchise Agreement, Jay Nidhi agreed that the non-prevailing party would "pay all costs and expenses, including reasonable attorneys' fees, incurred by the prevailing party to enforce this [Franchise] Agreement or collect amounts owed under this [Franchise] Agreement."

Plaintiff alleges that, effective as of the date of the Franchise Agreement, Meena Patel ("Patel") provided DIW with a Guaranty of Jay Nidhi's obligations under the Franchise Agreement. Plaintiff further alleges that, pursuant to the terms of the Guaranty, Patel agreed, among other things, that upon a default under the Franchise Agreement, she would "immediately make each payment and perform or cause [Jay Nidhi] to perform, each unpaid or unperformed obligation of [Jay Nidhi] under the [Franchise] Agreement," and all costs, including reasonable attorneys' fees, incurred by DIW in enforcing its rights or remedies under the Guaranty or the Franchise Agreement.

Plaintiff alleges that Jay Nidhi repeatedly failed to operate the Facility in accordance with DIW's System Standards, in breach of its obligations under the Franchise Agreement. DIW issued numerous default letters to Jay Nidhi related to its purported obligations under the Franchise Agreement. Plaintiff alleges that by letter dated September 30, 2013, DIW terminated the Franchise Agreement, effective September 30, 2013, and advised Jay Nidhi that (a) it was to immediately discontinue the use of all trade names, service marks, signs, and other forms of advertising, and other indicia of operation as a Days Inn® Facility, and to discontinue the use of other materials on the premises effectively to distinguish the same from its former appearance as a Days Inn® System facility, (b) all items bearing the Days Inn® Marks had to be removed, (c) all signs and any listings in directories and similar guides in which the Facility was identified as a Days Inn® had to be changed, (d) it was required to pay to DIW as liquidated damages for premature termination the sum of $68,000.00 as required under the Franchise Agreement, (e) it had to de-identify the Facility within 10 days from the receipt of the notice, and (f) demand was made for all outstanding Recurring Fees through the date of termination.

**Plaintiff alleges that, to date, Defendants have failed to pay to DIW any outstanding Recurring Fees or liquidated damages. As a result, Plaintiff seeks to recover the following: Recurring Fees (approximately $45,411.03, inclusive of interest, as of October 27, 2015), liquidated damages (in the amount of $68,000.00), interest, and attorneys' fees and costs.**

**Defendants have filed an Answer to the Complaint generally denying liability and asserting numerous affirmative defenses. They also assert that they have de-identified the Facility of all items bearing the Days Inn® Marks. Defendants deny that they owe any additional monies to Plaintiff.**

2. Have settlement discussions taken place? **Yes**\_\_\_\_**X**\_\_\_\_ **No** _____

    If so, when?

    (a) What was plaintiff's last demand?

      (1) Monetary demand: \_\_**$65,000**\_\_\_\_
      (2) Non-monetary demand: _____

    (b) What was defendant's last offer?

      (1) Monetary offer \_\_**$20,000**_____
      (2) Non-Monetary offer _____

3. The parties [**have**_____**have not**\_\_\_\_**X**\_\_\_\_] exchanged the information required by Fed.R.Civ.P. 26(a)(1). If not, state the reason therefor.

   **The parties will exchange the information required by Fed. R. Civ. P. 26(a)(1) prior to the Initial Conference.**

4. Describe any discovery conducted other than the above disclosures.

   **None.**

5. Generally, dispositive Motions cannot be filed until the completion of discovery. Describe any Motions any party may seek to make prior to the completion of discovery. Include any jurisdictional Motions and Motions to Amend.

   **None at this time.**

6. The parties propose the following:

    (a) Discovery is needed on the following subjects:

        **(1)   Defendants' alleged failure to pay Recurring Fees and liquidated damages due to DIW pursuant to the terms of the Franchise Agreement and Guaranty; and (2) Defendants' affirmative defenses.**

  (b)    Should discovery be conducted in phases? If so, explain? **No**.

  (c)    Number of Interrogatories by each party to each other party. **25**.

  (d)    Number of Depositions to be taken by each party. **No more than 5**.

  (e)    Plaintiff's expert report due on – **None anticipated**.

  (f)    Defendant's expert report due on – **None anticipated**.

  (g)    Motions to Amend or to add parties to be filed by **February 24, 2016**.

  (h)    Dispositive motions to be served within **45** days of completion of discovery.

  (i)    Factual discovery to be completed by **June 24, 2016**.

  (j)    Expert discovery to be completed by – **N/A**.

  (k)    Set forth any special discovery mechanism or procedure requested, including data preservation orders or protective orders: **Not Applicable**

  (l)    A pretrial conference may take place on   **TBD**  .

  (m)    Trial by jury or non-jury Trial? **DIW requests a non-jury trial pursuant to section 17.6.4 of the Franchise Agreement, and the Guaranty which incorporates section 17.6.4, wherein the parties waived their right to a jury trial in any action related to the Franchise Agreement. Defendants have requested a jury trial.**

  (n)    Trial date:   **TBD**  .

7.    Do you anticipate any discovery problem(s)? Yes_____ No ___X___

8.    Do you anticipate any special discovery needs (i.e., videotape/telephone depositions, problems with out-of-state witnesses or documents, etc.)? Yes_____ No ___X___

9.    State whether this case is appropriate for voluntary arbitration (pursuant to L.Civ.R. 201.1 or otherwise) mediation (pursuant to L.Civ.R. 301.1 or otherwise), appointment of a special master or other special procedure. If not, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial

disclosures, after completion of depositions, after disposition of dispositive motions, etc.).

**The parties would consider the use of mediation to resolve this dispute.**

10. Is this case appropriate for bifurcation?  **Yes**_____ **No** ___X____

11. We **[do**_____**do not** _____**X**_____**]** consent to the trial being conducted by a Magistrate Judge.

**LeClairRyan**
Attorneys for Plaintiff,
Days Inns Worldwide, Inc.,

**Lexero Law Firm***
Attorneys for Defendants,
Jay Nidhi, LLC and Meena Patel
* Admitted *Pro Hac Vice*

By: ___*/s/ Bryan P. Couch*___
      **Bryan P. Couch**

By: ___*/s/ Eric Menhart*___
      **Eric Menhart**

**DeSantiago & Foster**
Elizabeth T. Foster
Local Counsel for Defendants,
Jay Nidhi and Meena Patel

By: ___*/s/Elizabeth T. Foster*___
      **Elizabeth T. Foster**