UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAYS INNS WORLDWIDE, INC., <br><br> Plaintiff, <br> v. <br><br> JAY NIDHI, LLC, <br><br> Defendants. | Civil Action <br><br> 2:15-CV-5522 SDW-SCM <br><br> **INITIAL SCHEDULING ORDER** |

**THIS MATTER** having come before the Court on November 24, 2015 by way of initial scheduling conference pursuant to Fed.R.Civ.P. 16, and for good cause having been shown,

**IT IS** on this Tuesday, November 24, 2015 ordered that the Scheduling Order is as follows:

## I. DISCOVERY AND MOTION PRACTICE

1. **Motion Practice:** No motions, other than Rule 12(b) motions,[1] motions to seal, or attorney admission/withdrawal motions are to be filed without leave from this Court.[2] Case management motions must also comply with Local Rule 16.1(g). All motions, when permitted, shall also comply with Local Rules 7.1(b), 7.2, and 78.1. The Court shall decide whether to require additional briefing on any point or points after review of the written submissions or oral argument. If a party fails to file a timely opposition, the Court will consider and decide the motion as uncontested, and may grant the motion without further notice. Requests to file motions, other than Rule 12(b) motions, should be made on consent or by **joint dispute letter**.[3] One courtesy copy of all non-dispositive motions should be mailed directly to chambers.

---

[1] "Rule" refers to the Federal Rules of Civil Procedure. "Local Rule" refers to this District's Local Civil Rules. The Federal Rules of Civil Procedure can be read at: www.uscourts.gov/file/rules-civil-procedurea and the District's Local Civil Rules can be read at: www.njd.uscourts.gov/sites/njd/files/completelocalRules.pdf.

[2] See L.Civ.Rules 12.1 and 16.1.

[3] See *infra*.

2. **Pro Hac Vice Application**: Can be made informally at any time but must include: (a) an affidavit of local counsel, (b) an affidavit of counsel seeking admission *pro hac vice*, and (c) a proposed form of order.[4]  Local counsel must appear for all in-person and telephone conferences with the Court, sign all papers and stipulations per Local Rule 101.1(c)(4).

3. **Rule 26 Disclosures**: Fed.R.Civ.P. 26 initial disclosures, including but not limited to, all documents prescribed by Fed.R.Civ.P. 26(a)(1)(A)(ii) shall be exchanged by the parties on or before 12/8/2015.  If parties are served or joined after this scheduling order, such parties must make their initial disclosures and all other provide their disclosures within 30 days.[5]  Disclosures must be amended/supplemented per Rule 26(e).

   For cases on diversity jurisdiction with limited liability companies or partnerships initial disclosures shall include information pertaining to the citizenship of all members or partners as of the time the original complaint was filed.

4. **Electronic Discovery**: The parties are directed to Rule 26(f), which, among other things, addresses preservation of discoverable information, discovery of electronically stored information, and claims of privilege or work product protection.  The parties are also directed to Local Rule 26.1(d) which, among other things, describes the obligations of counsel with regard to their clients' information management systems.  Counsel shall complete their E-discovery conference no later than 12/11/2015.

5. **Protective Orders**: The parties shall provide the Court with a joint proposed confidentiality order no later than 12/11/2015.[6]  Any proposed confidentiality order agreed to by the parties must strictly comply with Fed.R.Civ.P. 26(c) and Local Civil Rule 5.3.[7]  Any such form of order must be accompanied by an affidavit or attorney certification filed electronically under the designation "affidavit/certification in support of discovery confidentiality order."  The affidavit or attorney certification shall describe (a) the nature of the materials to be kept confidential, (b) the legitimate private or public interests which warrant confidentiality and (c) the clearly defined and serious injury that would result

---

[4] See L.Civ.R. 101.1 (c) and the related commentary in Lite, *N.J. Federal Practice Rules* (Gann 2007), for information about the form and content of the aforementioned affidavits and proposed form of order.

[5] Fed.R.Civ.P. 26(a)(1)(C).

[6] *See* L.Civ.R. 5.3.

[7] *See also Pansy v. Borough of Stroudsburg*, 23 F.3d 772 (3d Cir. 1994); *Glenmede Trust Company v. Thompson*, 56 F.3d 476 (3d Cir. 1995).

should the order not be entered. Any such order must be clearly designated **"Discovery Confidentiality Order."**[8]

6. **Written Discovery**: Each party may serve upon each other party a) their twenty-five (25) single question interrogatories pursuant to Rule 33 and b) 40 separate requests for production of documents pursuant to Rule 34 no later than 12/22/2015, which shall be responded to in the manner required by the Federal Rules within thirty days of receipt. If served prior to the initial scheduling conference, responses are due within 30 days of the conference. Each party may also serve up to twenty single requests for admissions (RFA) (these limits do not include RFA's on document authenticity) pursuant to Rule 36. The propounder of any discovery request or RFA shall identify any deficiency with the responses in writing within 30 days of receipt. All discovery responses must be timely amended or supplemented per Rule 26(e).

   If parties are served or joined after this scheduling order, the plaintiff or third-party plaintiff, as the case may be, shall provide the joining party with all discovery exchanged thus far within 14 days of the answer.

7. **Depositions**: The number of fact depositions to be taken by each side pursuant to Rule 30 and 31 shall not exceed **five (5)**. Depositions shall be conducted in accord with App. R to the Local Rules on dates agreed upon by counsel. No objections to questions posed at depositions shall be made other than as to lack of foundation, form, or privilege.[9] No instruction not to answer shall be given unless privilege is implicated.

   a. If a dispute arises at a deposition and cannot be resolved, the parties shall contact Magistrate Judge Mannion during the deposition;

   b. If this case involves multi-party litigation with several attorneys, counsel are to meet and confer regarding deposition dates. If there is an impasse and counsel (other than the attorney who noticed the deposition and the attorney defending the deposition) are not available, scheduled depositions should go forward. The unavailable counsel should appear by telephone, send a substitute attorney to cover, etc.;

   c. If fact questions, beyond pedigree are asked of a Fed. R. Civ. P. 30(B)(6) witness, the Court may count the deposition as both a fact and a 30(B)(6) deposition. The transcript should reflect which responses are made as a fact witness and which are made as a 30(B)(6) witness.

---

[8] *See* Local Civil Rule 5.3 and the Court's Form Discovery Confidentiality Order at Appendix S.

[9] *See* Fed.R.Civ.P. 32(d)(3)(A).

8. **Joint Dispute Letters**: No discovery motion or motion for sanctions for failure to provide discovery shall be made without prior leave of Court. Counsel "shall confer" in good faith and attempt to informally resolve any discovery disputes before seeking the Court's intervention.[10] Poison pen letters are not permitted.[11] Should informal efforts fail within 14 days of the occurrence of the dispute, the dispute shall immediately be brought to the Magistrate Judge's attention via a **joint dispute letter** filed on ECF and mailed, not to exceed 6 pages that sets forth: (a) the request; (b) the response; (c) efforts to resolve the dispute; (d) why the complaining party believes the information is relevant and why the responding party's response continues to be deficient; and (e) why the responding party believe the response is sufficient. If the discovery dispute is complex and requires the filing of briefs and affidavits, counsel may separately file and mail same on the date of their joint dispute letter. No further submissions regarding the dispute may be submitted without leave of Court. Thereafter, the Court will schedule a telephonic discovery conference pursuant to Fed. R. Civ. P. 26(f) if necessary to resolve the dispute.[12]

   a. Trial counsel must meet and confer to resolve any disputes concerning privilege before raising such disputes to the Court. If the dispute cannot be resolved by a joint proposed Fed.R.Evid. 502(d) order, the Court may refer the parties to a special master.

   b. Discovery disputes concerning paper discovery (other than those arising during depositions) are waived if not brought to the Court's attention within 160 days of the Rule 16 conference. The Court will not entertain applications concerning discovery matters, informally or otherwise, after this date and any objection will be deemed to have been waived.

9. **Joint Agenda Letter**: The parties will either file a joint agenda letter (up to three double spaced pages) or a joint dispute letter (see infra) with the Court on or before 2/10/2016 itemizing the issues, if any, including settlement that need to be discussed in the upcoming conference.

10. **Telephone Conference**: The court will hold a telephone conference on 2/18/2016 **at 10:30 a.m.** Counsel for plaintiff shall initiate the call. Additional conferences may be scheduled by the Court via text order every 90 to 120 days or as necessary.

11. **Motions to Amend, Supplement or Add New Parties**: If there is consent for a proposed pleading file the amended pleading with a stipulation per Rule 15(a)(2) via ECF. If there is no consent:

---

[10] L.Civ.R. 37.1(a).

[11] See D.N.J. App. R.

[12] *See* L. Civ. R. 16.1(f).

    a. The party seeking leave shall first seek consent by presenting counsel for the adversary with 1) the proposed pleading, 2) a redlined (or track changes) version of the proposed pleading, and 3) a stipulation.  The recipient shall either consent or provide its objection(s) supported by a letter brief to the requester within 14 days.  The requester will then either draft a new proposal and restart the process or provide its response supported by a letter brief within 10 days.  This process should be repeated until there is either consent or an impasse.

    b. Impasse.  If there is an impasse after a bona fide effort to resolve the dispute, the party seeking to amend or supplement shall request leave to file no later than 2/24/2016.   The request for leave shall include 1) the proposed pleading, 2) the redlined (or track changes) version of the proposed pleading, 3) the respective letter briefs regarding futility, and 4) a proposed form of order.[13]  If a party seeks to file a motion to amend or supplement after the specified date, the party must show <u>good cause</u> why the application could not have been done earlier.

12. **<u>Fact Discovery Deadline</u>**: Fact discovery is to remain open through 6/24/2016.  Discovery should be produced on a rolling basis.  All fact witness depositions must be completed by the close of fact discovery. No *discovery* is to be issued or engaged in beyond that date, except upon application and for good cause shown.

## III. MISCELLANEOUS

13. **<u>Electronic Case Filing</u>:** The Court has implemented an electronic case filing system for all documents filed with the Clerk of the Court.[14]  Electronic case filing is mandatory for all cases except those by a *pro se* litigant.  ***Pro se* litigants may register to receive notifications only**.

14. **<u>Facsimiles</u>:** Judge Mannion will accept the following correspondence by facsimile up to five pages (plus the cover sheet): (a) joint discovery plans; (b) confidential settlement positions; (c) proposed orders ; (d) letters advising that settlement has been reached; and truly emergent correspondence.  Courtesy copies of motion papers and exhibits should be delivered to the Court by mail or other carrier.  Counsel should obtain permission from Chambers to fax any other documents.

15. **<u>Extensions and Adjournments</u>:** All requests for adjournments of court dates or other deadlines, whether established in this Pretrial Scheduling Order or any subsequent orders of the Court, shall be submitted to the Court in writing establishing good cause for the request.[15]  Consent from opposing counsel should be sought, but consent alone does not establish good cause.  Absent unforeseen

---

[13] See L.Civ.R. 7.1(f).
[14] Local Civ.R. 5.2(ECF Policies and Procedures).

[15] See L.Civ.R. 6.1.

emergent circumstances, the Court may not entertain requests to extend deadlines that have passed as of the date of the request.

Requests for adjournments or leave to not appear for a scheduled event because of a settlement shall comply with L.Civ.R. 41.1, be reduced to writing and indicate whether the requestor has consent to adjourn or not appear at the scheduled event.

16. **Contacting the Court:** Attorneys and/or parties may contact the court via any of the following methods:

   **Telephone:** (973)-645-3827
   **Facsimile:** (973)-645-4412
   **Mail:** Hon. Steve Mannion, U.S.M.J.
   50 Walnut Street, Room 2064
   Newark, NJ 07101

17. **Local Rules:** Attorneys and/or parties are hereby directed to the Local Federal Rules of Civil Procedures for any other procedural question not specifically addressed in this scheduling order.

18. **Consent for Magistrate Judge**. Pursuant to L.Civ.R. 16.1(b)(3), the parties are advised that they may jointly consent to having a magistrate judge preside over the trial and/or dispositive motions in this case pursuant to L.Civ.R. 73.1(a).

**FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER OR ANY SUBSEQUENT SCHEDULING ORDERS ENTERED BY THIS COURT MAY RESULT IN SANCTIONS. See Fed.R.Civ.P. 16(f) and 37.**

Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

11/24/2015 10:57:18 AM

Original: Clerk of the Court
cc: All parties
    File