## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| DAYS INNS WORLDWIDE, INC., | Civil Action |
| Plaintiff, | 2:15-CV-5522 SDW-SCM |
| v. | |
| JAY NIDHI, LLC, | **AMENDED SCHEDULING ORDER** |
| Defendants. | |

**THIS MATTER** having come before the Court on 2/18/16 by way of telephone conference, and informal motions to compel discovery and modify the scheduling order, and having considered the arguments of all counsel and for good cause having been shown,

**IT IS** on this Monday, February 22, 2016 ordered that the Scheduling Order is as follows:

1.    **Written Discovery**: Defendants are ordered to produce all responsive discovery to their counsel within 7 days. Defense counsel shall then produce all responsive discovery received to Plaintiff within 7 days. **Failure to comply with the terms of this order or any subsequent scheduling orders may result in sanctions.**

2.    **Joint Dispute Letters**: No discovery motion or motion for sanctions for failure to provide discovery shall be made without prior leave of Court. Counsel "shall confer" in good faith and attempt to informally resolve any discovery disputes before seeking the Court's intervention.[1] Poison pen letters are not permitted.[2] Should informal efforts fail within 14 days of the occurrence of the dispute, the dispute shall immediately be brought to the Magistrate Judge's attention via a **joint dispute letter** filed on ECF and mailed, not to exceed 6 pages that sets forth: (a) the request; (b) the response; (c) efforts to resolve the dispute; (d) why the complaining party believes the information is relevant and why the responding party's response continues to be deficient; and (e) why the responding party believe the response is sufficient. If the discovery dispute is complex and requires the filing of briefs and affidavits, counsel may separately file and mail same on

---

[1] L.Civ.R. 37.1(a).

[2] See D.N.J. App. R.

the date of their joint dispute letter.  No further submissions regarding the dispute may be submitted without leave of Court.  Thereafter, the Court will schedule a telephonic discovery conference pursuant to Fed. R. Civ. P. 26(f) if necessary to resolve the dispute.[3]

    a.  Trial counsel must meet and confer to resolve any disputes concerning privilege before raising such disputes to the Court.  If the dispute cannot be resolved by a joint proposed Fed.R.Evid. 502(d) order, the Court may refer the parties to a special master.

    b.  Discovery disputes concerning paper discovery (other than those arising during depositions) are waived if not brought to the Court's attention within 160 days of the Rule 16 conference.  The Court will not entertain applications concerning discovery matters, informally or otherwise, after this date and any objection will be deemed to have been waived.

3.  **Joint Agenda Letter**:  The parties will either file a joint agenda letter (up to three double spaced pages) or a joint dispute letter (see infra) with the Court on or before 4/12/2016 itemizing the issues, if any, including settlement that need to be discussed in the upcoming conference.

4.  **Telephone Conference**:  The court will hold a telephone conference on 4/20/2016 **at 10:30 a.m.** Counsel for plaintiff shall initiate the call.  Additional conferences may be scheduled by the Court via text order every 90 to 120 days or as necessary.

5.  **Motions to Amend, Supplement or Add New Parties**:  If there is consent for a proposed pleading file the amended pleading with a stipulation per Rule 15(a)(2) via ECF.  If there is no consent:

    a.  The party seeking leave shall first seek consent by presenting counsel for the adversary with 1) the proposed pleading, 2) a redlined (or track changes) version of the proposed pleading, and 3) a stipulation.  The recipient shall either consent or provide its objection(s) supported by a letter brief to the requester within 14 days.  The requester will then either draft a new proposal and restart the process or provide its response supported by a letter brief within 10 days.  This process should be repeated until there is either consent or an impasse.

    b.  Impasse.  If there is an impasse after a bona fide effort to resolve the dispute, the party seeking to amend or supplement shall request leave to file no later than 2/24/2016.   The request for leave shall include 1) the proposed pleading, 2) the redlined (or track changes) version of the proposed pleading, 3) the respective letter briefs regarding futility, and 4) a proposed form of order.[4]  If a party seeks to file a motion to

---

[3]  *See* L. Civ. R. 16.1(f).
[4]  See L.Civ.R. 7.1(f).

amend or supplement after the specified date, the party must show <u>good cause</u> why the application could not have been done earlier.

6.   **<u>Fact Discovery Deadline</u>**:  Fact discovery is to remain open through 6/24/2016. Discovery should be produced on a rolling basis.  All fact witness depositions must be completed by the close of fact discovery. No *discovery* is to be issued or engaged in beyond that date, except upon application and for good cause shown.

**FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER OR ANY SUBSEQUENT SCHEDULING ORDERS ENTERED BY THIS COURT MAY RESULT IN SANCTIONS. See Fed.R.Civ.P. 16(f) and 37.**



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

2/22/2016 12:32:14 PM

Original: Clerk of the Court
Hon. Susan D. Wigenton, U.S.D.J.
cc: All parties
     File